NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUAI-YIN YIU and SHU-HUA CHENG YIU, h/w, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civ. No. 11-875 (KSH) (PS) <br><br><br> OPINION |

**Katharine S. Hayden, U.S.D.J.**

### I. Introduction

This matter is before the Court on defendant United States of America's motion for partial summary judgment. [D.E. 14.]¹ The case involves the 2001 sale of real property then owned by plaintiffs Huai-Yin Yiu and Shu-Hua Cheng Yiu. In its motion, the United States is seeking an order from the Court fixing the tax basis of the Livingston property at the original purchase price. For the reasons that follow, the Court denies the United States' motion.

### II. Facts and Procedural History

On February 18, 1991, the Yius purchased a house in Livingston, New Jersey for $2,530,000.00. (United States Stmt. Facts ¶ 1; Yiu Response ¶ 1.)

---

¹ Despite the fact that the Yius include a section in their opposition papers titled "Statement of material facts submitted in support of plaintiffs' cross-motion for partial summary judgment," the Yius never: (a) submitted a formal cross-motion for partial summary judgment; (b) submitted a brief in support of a cross-motion for partial summary judgment; or (c) requested relief in the form of partial summary judgment. (*See* Yiu Br. Opp. Mot. Summ. J. 6 (solely "request[ing] that Defendant's Motion be denied in its entirety."); *see also* Section 2 of the Final Pretrial Order ("FPTO") [D.E. 22] listing the United States' motion as the only pending or contemplated motion.)

The Agreement of Sale provided that the builder/seller would install several items not included in the sale price: a 20-by-40-foot, Roman-style pool; a full-size tennis court; extensive landscaping; masonry walks; a basement bathroom; and driveway paving. (*See* Yiu Stmt. Facts ¶¶ 15-16; United States Response ¶¶ 15-16 (disputing statement "because the Agreement of Sale speaks for itself."); Agreement of Sale, appended to Paula Yiu Cert., Exh. 13, Schedule C, appended to Yiu Br. Opp. Mot. Summ. J. ("Yiu Cert.").) A certification from the Yius' daughter states that after purchasing the house, the Yius also made improvements including but not limited to the installation of: a front entrance gate with a security system; a chain link fence around the property's three-mile perimeter; and a jogging path through the woods. (Yiu Cert. ¶ 16; *see also* Carol Schuler Harding Cert. ¶10 & Exh. 3, appended to Yiu Br. Opp. Mot. Summ. J. ("Harding Cert.") (attaching satellite photographs of the Livingston property purportedly "show[ing] the completed pool, spa, and patio surround, the tennis court, the landscaping, including water fountain, the masonry walks around the house, and the front entrance gate.").)

The Yius contend that these improvements cost them $208,073.00. (Yiu Cert. ¶ 16.) For support, the Yius rely on an IRS worksheet titled "Adjusted Basis of Home Sold Worksheet" prepared by their accountant Catherine T.L. Hwang, CPA which places the adjusted purchase price of the house at $2,738,073. (*See* Adjusted Basis of Home Sold Worksheet, appended to Yiu Cert., Exh. 14 ("Adjusted Basis Worksheet").) The Yius also rely on records obtained from Livingston Township: a tax assessment and worksheet placing the replacement value of the pool and tennis court at $20,000 each, and building permits valuing two other unspecified April 1991 alterations at $30,000 each. (Harding Cert. ¶ 9 & Exhs. 1 & 2.)

On April 11, 2001, the Yius sold the house for $2,900,000.00 and incurred fees and costs in connection with the sale. (United States Stmt. Facts ¶ 3; Yiu Response. ¶ 3.) The Yius are foreign

nationals who resided in Taiwan at the time of the sale, so the United States withheld 10% of the sale price of the house ($290,000.00) pursuant to 26 U.S.C. § 1445.[2] (United States Stmt. Facts ¶ 4; Yiu Response ¶ 4.) After the Yius filed their joint 2001 tax return, which stated that they were entitled to a refund of the full $290,000.00, the IRS refunded only $145,000.00. (Yiu Stmt. Facts ¶¶ 4–5; United States Response ¶¶ 4–5; United States Stmt. Facts ¶ 5; Yiu Response ¶ 5.)

Through counsel, the Yius contacted the IRS to find out why the full $290,000.00 was not refunded. (Yiu Cert. ¶ 6 & Exh. 7; FPTO 6.) Their daughter's certification states that a representative of the IRS informed their attorney that only Mr. Yiu's portion of the amount withheld was returned because his taxpayer identification number was the one "on file" with the IRS. (*Id.*) The IRS representative advised Mrs. Yiu to file a Form 1040NR-EZ under her taxpayer identification number to recover the remaining $145,000.00. (*Id.*)

On September 24, 2008, Mrs. Yiu filed the recommended paperwork. However, in a letter dated February 17, 2009, the IRS advised that it had disallowed the claim for the remaining amount withheld because it deemed the claim to have been filed "more than 3 years after" the Yius had filed their tax return. (*Id.* ¶ 8 & Exh. 8.)

On February 16, 2011, the Yius filed the within lawsuit [D.E. 1], seeking recovery of the $145,000.00 that had been withheld, attorney's fees and costs, and alleging that the United States' imposition, collection, and retention of those funds were unlawful actions.

On January 25, 2012, the United States filed the present motion for partial summary judgment, seeking an order from the Court fixing the tax basis of the Livingston house at $2,530,000.00 at the time of sale. [D.E. 14.] The United States contends that because the Yius

---

[2] 26 U.S.C. § 1445(a) provides: "Except as otherwise provided in this section, in the case of any disposition of a United States real property interest . . . by a foreign person, the transferee shall be required to deduct and withhold a tax equal to 10 percent of the amount realized on the disposition."

have failed to produce sufficient evidence to substantiate the claimed capital expenditures, they are not entitled to an adjustment to their basis and consequently they owe tax on the sale of the Livingston property. (United States Br. Mot. Summ. J. 4.) In opposition, the Yius contend that while they purchased the property for a base sales price of $2,530,000 and sold the property for $2,900,000, they did not receive a taxable gain on the property because the $370,000 difference was offset by the cost of capital improvements to the property and the fees and costs associated with the transfer of the property. (Yui Br. Opp. Mot. Summ. J. 1.)

### III. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010) (quoting *Nicini v. Morra*, 212 F.3d 798, 805–06 (3d Cir. 2000) (en banc) (citing Fed. R. Civ. P. 56(c))). To be material, a fact must have the potential to alter the outcome of the case. *See Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). In determining whether summary judgment is warranted "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). At this stage, it is not the Court's function "to weight the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

### IV. Discussion and Analysis

The parties agree on the manner in which the gain or loss on a sale of property is calculated. When a taxpayer acquires a piece of property, the tax basis of that property is its cost. *See* 26 U.S.C. § 1012(a). The tax basis may be adjusted, however, to reflect "expenditures, receipts, losses, or other items, properly chargeable to capital account." *Id.* § 1016(a)(1). In the present motion, the parties dispute the tax basis of the Yius' house at the time of sale. The United States contends that no adjustment ever occurred and that the tax basis is the purchase price, while the Yius contend that the tax basis is higher because of the improvements that they made on the house and the fees and costs incurred in transferring the property. The distinction is meaningful because the gain or loss on a sale of property is calculated by the amount received from the sale minus the property's tax basis. *Id.* § 1001(a).

The Yius brought this case under 28 U.S.C. § 1346(a)(1), which grants jurisdiction to district courts to hear taxpayer-initiated civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." When a taxpayer files a civil action alleging that the IRS has erred in its determination, the burden of proof is on the taxpayer to establish, by a preponderance of the evidence, that the IRS's assessment is erroneous. *Francisco v. United States*, 267 F.3d 303, 319 (3d Cir. 2001).

Here, making all reasonable inferences in favor of the Yius and despite the lack of specific documentation, the Court is satisfied that the Yius have adduced evidence to support their contention that the Livingston property's tax basis has increased beyond the purchase price. In the record is the Yius' accountant's worksheet, the "Adjusted Basis Worksheet," which, according to the Yius' attorney, was prepared in reliance upon contemporaneous documentation substantiating the improvements made to the property. (*See* Adjusted Basis Worksheet; Harding Cert. ¶ 7). The

5

Yius' evidence also includes the Agreement of Sale, wherein the builder agreed to make various capital improvements; photographs of the property depicting the purported improvements made; the HUD-1 from the sale of the Livingston property, showing the fees and other costs spent; and various records of building permits obtained from the Township of Livingston, which address the replacement value of the pool and tennis court and the value of two other improvements. (*See* Yiu Cert. ¶ 14 & Exh. 13; Harding Cert. ¶¶ 5, 7-10 & Exhs. 1-3.)

Consequently, the United States is not entitled to partial summary judgment in its favor setting the Yius' tax basis in the property at the original purchase price ($2,530,000).

## V. Conclusion

For the foregoing reasons, the United States' motion for partial summary judgment [D.E. 14] is **denied**. An appropriate order will be entered.

Date: September 26, 2012

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.